# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1213**
**CA 12-00915**
PRESENT: SCUDDER, P.J., FAHEY, CARNI, VALENTINO, AND MARTOCHE, JJ.

---

STILLWATER HYDRO PARTNERS, LP,
PLAINTIFF-APPELLANT,

V                                                      MEMORANDUM AND ORDER

STILLWATER HYDRO ASSOCIATES, LLC,
DEFENDANT-RESPONDENT.

---

MELVIN & MELVIN, PLLC, SYRACUSE (ELIZABETH A. GENUNG OF COUNSEL), FOR
PLAINTIFF-APPELLANT.

JOSHUA A. SABO, TROY, FOR DEFENDANT-RESPONDENT.

---

Appeal from an order of the Supreme Court, Cayuga County (Mark H.
Fandrich, A.J.), entered August 15, 2011 in a declaratory judgment
action. The order, insofar as appealed from, denied plaintiff's
motion for summary judgment.

It is hereby ORDERED that the order insofar as appealed from is
unanimously reversed on the law without costs, the motion is granted,
and judgment is granted in favor of plaintiff as follows:

It is ADJUDGED AND DECLARED that defendant is not
entitled to the use of the escrow funds to pay for the cost
of replacing the trash rack cleaner.

Memorandum: Plaintiff appeals from an order denying its motion
seeking summary judgment in this declaratory judgment action. We
agree with plaintiff that Supreme Court erred in denying the motion.
The parties entered into an asset purchase agreement (APA) for
defendant's purchase of a hydroelectric plant from plaintiff. The APA
included an escrow agreement as security for the performance of the
APA. At issue is whether defendant is entitled to the use of the
escrow funds of $75,000 to pay for the cost of replacing the trash
rack cleaner, which became inoperable within six months after the
closing. It is axiomatic that "a written agreement that is complete,
clear and unambiguous on its face must be enforced according to the
plain meaning of its terms" (*Greenfield v Philles Records*, 98 NY2d
562, 569; *see W.W.W. Assoc. v Giancontieri*, 77 NY2d 157, 162). Here,
although the parties correctly agree that the APA is unambiguous, they
disagree with respect to the "plain meaning of its terms" (*Greenfield*,
98 NY2d at 569). Paragraph 3.2 states in relevant part: "**<u>Suitability
of Assets: Disclaimer.</u>** *Subject to matters set forth in <u>Schedule 3.2</u>*,
the Purchased Assets . . . are suitable for the purposes for which

they have been operated . . . and to Seller's Knowledge are not currently in need of replacement or material repair" (italicized emphasis added).  Schedule 3.2 states in relevant part:  "Trash rack cleaner is also wearing out and may need replacement."  We conclude that, by its terms, the APA excludes from the warranty of suitability the matters set forth in schedule 3.2, including the trash rack cleaner at issue.

Entered:  November 9, 2012                          Frances E. Cafarell
                                                    Clerk of the Court